# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| Edmund Elwell, | : | Case No.  1:09CV1424 |
| | : | |
| Petitioner | : | Judge James S. Gwin |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Mark Houk, Warden, | : | |
| | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| | : | |
| Respondent | : | |

In this action in habeas corpus, 28 U.S.C. §2254, petitioner challenges the constitutionality of his April 16, 2006 convictions pursuant to a jury trial of two counts of murder, one count of felonious assault, and one count of having a weapon while under a disability, with each count bearing a firearm specification, as well as a repeat violent offender specification.  After merging counts two and three with count one for purposes of sentencing, the trial court sentenced petitioner to fifteen years to life imprisonment on the merged counts, five years for having a weapon while under a disability, three years on the aggregated gun specifications, and seven years on the repeat violent offender specification, to run consecutively, for an aggregate sentence of thirty years to life.

On May 5, 2006, the petitioner appealed his convictions to the Ohio Ninth District Court of Appeals, alleging the following three assignments of error:

      I    The convictions as to Count One (Murder, R.C. 2903.02(A)),

> Count Two (Felony-Murder, R.C. 2903.02(B)), and Count Three (Felonious Assault, R.C. 2903.11(A)) were against the manifest weight of the evidence.
>
> II   The trial court erred by sentencing Mr. Elwell to seven years of incarceration pursuant to R.C. 2929.14(D)(2)(b), as the "repeat violent offender" penalty enhancement is unconstitutional.
>
> III.  Trial court committed prejudicial error and denied Mr. Elwell his constitutional right to a fair trial when it refused his request for jury instructions thereby violating his rights under the Sixth and Fourteenth Amendments to the U.S. Constitution and Article I, §10 of the Ohio Constitution.

On June 25, 2007 the appellate court affirmed the convictions. In that opinion the court summarized the facts of petitioner's case as follows[1]:

> This case arises out of the untimely death of Kimberly Dove ("Ms. Dove") on March 6, 2005. At the time of Ms. Dove's death, she and Appellant had been dating for approximately eight years. Ms. Dove had a daughter by a previous relationship. Although Ms. Dove had lived with Appellant, the two were not residing together on the date of the incident. At the time, Ms. Dove was residing with her parents and her daughter a few miles from Appellant's home. Appellant contends that both he and Ms. Dove abused drugs and often argued about one another's drug use. Ms. Dove's family disputes that she abused drugs.

On July 30, 2007 petitioner, now acting *pro se*, appealed the appellate court ruling to the Ohio Supreme Court, alleging the following three propositions of law:

> **Proposition of Law No. I**: Appellant's convictions are based upon insufficient evidence and are against the manifest weight of the evidence.
>
> **Proposition of Law No. II:** The trial court committed prejudicial and plain error when Mr. Elwell was denied his constitutional right to a fair trial when the trial court refused his request for jury

---

[1] A more detailed summary of the evidence was set out in the section of the opinion addressing petitioner's challenge to the weight of evidence relied upon to convict him at trial, but it was unnecessary to delve into those facts in these proceedings as petitioner has not challenged the sufficiency of the evidence relied upon to convict him.

> instructions on lesser offenses, thereby violating his rights under the Sixth and Fourteenth Amendments to the Constitution and Article 1, §10 of the Ohio Constitution.
>
> **Proposition of Law No. III:** Does a failure to raise a constitutional challenge, at sentencing at the trial court level, constitute a waiver of such a challenge on appeal.

On April 23, 2008 the court denied petitioner leave to appeal and dismissed the appeal as not involving any substantial constitutional question. Petitioner did not appeal this decision to the United States Supreme Court.

On September 21, 2007, while his direct appeal to the supreme court was pending, petitioner filed a *pro se* motion to reopen his appeal pursuant to Rule 26(B) of the Ohio Rules of Appellate Procedure. The state appellate court summarized his proposed assignments of error as follows:

> Appellant contends that he was denied the effective assistance of appellate counsel because his appellate counsel failed to raise the issue of the ineffectiveness of his trial counsel for failing to argue that (1) the State engaged in a fourth amendment violation to obtain his conviction, (2) the State failed to properly preserve the crime scene and evidence, (3) the State engaged in prosecutorial misconduct to bias the judge, (4) the judge abused his discretion when he failed to allow Appellant expert assistance to refute the State's case, and (5) the State failed to prove the conviction of felonious assault. In addition, Appellant contends that his trial counsel was ineffective for failing to thoroughly investigate the case and evidence. We disagree.

On November 2, 2007 the appellate court denied the petition, holding that the petitioner had not established that his appellate counsel had been ineffective for failing to raise arguments on appeal, and that even if he had made such a showing, he failed to establish that there was a reasonable probability that the outcome would have differed on appeal, considering that there was strong evidence that he had shot and killed the victim, including his own admissions to officers that he

had done so.

Petitioner did not appeal the denial of his application to reopen to the Ohio Supreme Court.

Instead, he filed with the Ohio Ninth District two motions for judgment on the pleadings, which that court denied.

On June 22, 2009 petitioner filed the instant petition, in which he raises the following three claims for relief:

> **A. GROUND ONE:** Petitioner was denied the right to a jury trial and to due process of law as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution when the trial court denied his request to instruct the jury on a lesser included offense.
>
> **Supporting FACTS:** Petitioner, Edmund Elwell, was charged with murder after the untimely death of his girlfriend, Kimberly Dove. At the time of Ms. Dove's death, she and Mr. Elwell had been dating for approximately eight years. Although Ms. Dove had lived with Elwell, the two were not residing together on the date of the incident. Appellant contends that both he and Ms. Dove abused drugs and often argued about one another's drug use.
>
> On the night of March 6, 2005, Ms. Dove brought dinner to Elwell's house. Shortly after arriving, Ms. Dove and Mr. Elwell began arguing. Elwell contends that Ms. Dove went into the bedroom and began berating him about his drug use. He related that the two engaged in a scuffle wherein they both grabbed each other's hair and banged heads. Mr. Elwell grabbed a bat and smashed a ceramic form that had been sitting on top of the television set. He then swung the bat at the wall, leaving a few holes. Elwell contends that, at that point, Ms. Dove picked up a shotgun and approached him. He claims that he grabbed the stock-side of the gun, at which point the gun discharged. The prosecution contends that Mr. Elwell shot Ms. Dove. The parties agree that after Ms. Dove was shot, Mr. Elwell fled the scene, eventually arriving at a motel in Garfield Heights where the police arrested him on March 7, 2005. The trial court violated Mr. Elwell's right to a fair trial and due process of law by denying his request to instruct the jury on the

>   lesser included charge of reckless homicide. The trial court was required to give an instruction on the offense of reckless homicide as the evidence presented at trial reasonably supported both an acquittal on the murder and felony murder charges and a conviction on the lesser included offense of reckless homicide.
>
> **B.  GROUND TWO:** Petitioner's rights to a jury trial, to due process, and to be convicted only upon proof beyond a reasonable doubt were violated when the trial court imposed a sentence on him for a repeat violent offender specification based on findings made by the court, not the jury.
>
>   **Supporting FACTS:** Edmund Elwell, was sentenced to a repeat violent offender specification based on findings by the court that exceeded the scope of his jury trial waiver. The specifications should be vacated pursuant to *Blakely v. Washington*, 542 U.S. 296 (2004).
>
> **C.  GROUND THREE:** Petitioner was denied the effective assistance of trial and appellate counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution, when trial counsel failed to object to Petitioner's illegal sentence and appellate counsel failed to correctly raise the Blakely claim and ineffective assistance of trial counsel on appeal.
>
>   **Supporting FACTS:** Mr. Elwell's sentencing hearing was held on April 17, 2006, two months after the Supreme Court of Ohio had severed the section under which his repeat violent offender specification. [sic] Thus, Mr. Elwell's counsel should have been aware that the trial court was required to vacate the specification. Mr. Elwell's trial counsel was ineffective for failing to raise the objection. Had Mr. Elwell's trial attorney objected, the repeat violent offender specifications would have been vacated either in the trial court or on appeal.

In his brief filed on December 28, 2009 in response to the respondent's return of writ, petitioner indicated his decision to abandon his second and third claims for relief by stating, "Mr. Elwell elects to proceed only on his first ground for relief."

The provisions of the Antiterrorism and Effective Death Penalty Act, "AEDPA," Pub. L.

No. 104-132, 110 Stat. 1214 (Apr. 26, 1996) are controlling herein as the instant petition was filed after the Act's effective date. Lindh v. Murphy, 521 U.S. 320 (1997).

The petition was timely filed in accordance with 28 U.S.C. §2244(d).

The respondent asserts that petitioner has procedurally defaulted his first claim for relief by raising it to the Ohio Ninth District Court of Appeals as a violation of state law, as opposed to federal constitutional law.

The exhaustion doctrine requires that before filing a petition in federal habeas corpus a defendant must utilize all available state remedies, through a motion or petition for review by the state's highest court, by which he may seek relief based upon an alleged violation of constitutional rights. Granberry v. Greer, 481 U.S. 129, 133 (1987). Such doctrine, although not of a jurisdictional nature, is based upon issues of comity, allowing the state courts the opportunity to correct any constitutional violation that may have occurred in its courts, as well as creating a complete record for review should the case eventually be heard in federal habeas corpus. Hafley v. Sowders, 902 F.2d 480, 482 (6th Cir. 1990).

Fair presentation of the factual and legal basis for a federal constitutional issue to the state's courts may be made in four ways:

> (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

McMeans v. Brigano, 228 F.3d 674, 681 (6th Cir. 2000), citing Franklin v. Rose, 811 F.3d 322, 326 (6th Cir. 1987), cert. denied, 532 U.S. 958 (2001). Accord, Whiting v. Burt, 395 F.3d 602, 613 (6th Cir. 2005); Blackmon v. Booker, 394 F.3d 399, 400 (6th Cir. 2004). It is not enough to present the

6

facts giving rise to the federal claim articulated in the habeas corpus petition;  a petitioner must present the same legal theory to the state courts as is presented to the federal court in order to preserve the claim.  Wong v. Money, 142 F.3d 313, 322 (6th Cir. 1998).  Even if a claim is related, but distinct, the claim is nonetheless defaulted.  Lott v. Coyle, 261 F.3d 594, 607, 619 (6th Cir. 2001).

Turning to the present case, in reviewing petitioner's brief on direct appeal, petitioner articulated that the trial court's failure to charge the jury as requested by the defense "denied [him] his constitutional right to a fair trial...under the Sixth and Fourteenth Amendments to the U.S. Constitution."  The first case cited in the argument on that issue, State v. Lessin (1993), 67 Ohio St.3d 487, 494, 620 N.E.2d 72, relies heavily on federal constitutional law, thus satisfying the requirement that petitioner fairly presented his claim on direct appeal according to the test set out above.

In addition to the argument raised in the lower appellate court, the respondent concedes that petitioner relied on federal constitutional law on appeal of this issue to the state supreme court. As a consequence, this Court disagrees with respondent and is of the opinion that petitioner's first claim for relief has not been procedurally defaulted in the state courts.

Turning to the merits of petitioner's sole remaining claim for relief, the role of a federal district court in habeas corpus is set forth in Title 28 U.S.C. § 2254 (d) which provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to *any claim that was adjudicated on the merits in State court proceedings* unless the adjudication of the claim—
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly

>established Federal law, as determined by the Supreme Court of the United States; or
>
>(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(Emphasis added.)

The United States Supreme Court has held that the clauses "contrary to" and "unreasonable application of" as found in §2254(d)(1) have independent meanings; Williams v. Taylor, 529 U.S. 420 (2000), with the state court adjudication being "contrary to" Supreme Court precedent "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that of the Supreme Court];" and with the state court adjudication involving an "unreasonable application of clearly established Federal law, as determined by the Supreme Court" "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "if the state court either unreasonably extends a legal principal from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it should not apply or unreasonably refuses to extend that principal to a new context where it should apply." 120 S.Ct. at 1519-1520. In deciphering the "unreasonable application" clause this Court must inquire as to whether "the state court's application of clearly established federal law was objectively unreasonable." Id. at 1521. Even if the state court decision resulted in an incorrect application of federal law, if that decision is reasonable it will stand. Id. See,

Machacek v. Hofbauer, 213 F.3d 947, 953 (6th Cir. 2000).

Issues regarding jury instructions are normally considered to be matters of state law not cognizable in federal habeas corpus. Brazzell v. Smith, unreported, Case No. 98-1757, 1999 U.S. App. LEXIS 32248, *9 (6th Cir. December 7, 1999), citing Henderson v. Kibbe, 431 U.S. 145 (1977); Herrington v. Edwards, unreported, Case No. 97-3542, 1999 U.S.App. LEXIS 1220, *18-19 (6th Cir. January 26, 1999), citing numerous cases. Accord, Mitzel v. Tate, 59 F.Supp.2d 705, 719 (N.D.Ohio 1999)(Judge Economus), affirmed, 267 F.3d 524 (6th Cir. 2001), citing Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir. 1988) and Eberhardt v. Bordenkircher, 605 F.2d 275, 276 (6th Cir. 1979). In order to amount to a constitutional violation the challenged jury instruction must have "infected the accused's trial to such a degree as to constitute a clear violation of due process." Estelle v. McGuire, 502 U.S. 62, 72 (1991), quoting Cupp v. Naughton, 414 U.S. 141, 147 (1973). Accord, Brazzell v. Smith, supra at *9 and Herrington v. Edwards, supra. If an instruction is ambiguous (but perhaps not erroneous) a due process violation occurs only if it is determined that there is a "`reasonable likelihood that the jury has applied the challenged instruction in a way' that violates the Constitution." Estelle v. McGuire, supra at 73, n.4 (quoting Boyde v. California, 494 U.S. 370, 380 (1990). Accord, Brazzell v. Smith, supra at *9 and Herrington v. Edwards, supra at *19. In that regard, in determining whether habeas corpus relief is warranted the emphasis must be upon the effect of any error on the jury, as opposed to sufficiency of the evidence. Herrington v. Edwards, supra, citing Kotteakos v. United States, 328 U.S. 750, 755, 763-65, 767, 775-76 (1946).

Absent proof of an erroneous instruction, petitioner cannot meet the overall burden of showing that the state court ruling was either contrary to or involved an unreasonable application

9

of federal law.[2]

In his first claim petitioner alleges that the trial court improperly denied a request to instruct the jury on the lesser included offense of reckless homicide. The state appellate court rejected this argument, holding in pertinent part:

> In his third assignment of error, Appellant contends that the trial court erred in failing to give his requested jury instructions in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution and Article I, Section 10 of the Ohio Constitution. More specifically, Appellant contends that the trial court erred in refusing to instruct the jury regarding reckless homicide, voluntary manslaughter and accident. We disagree.
>
> Generally, a trial court should give the requested instructions if they are correct statements of law applicable to the facts of the case, and reasonable minds may reach the conclusion sought. *State v. Mills*, 9th Dist. Nos. 02CA00377-M, 02CA0038-M, 2002-Ohio-7323, at ¶40. "When considering whether a trial court should have provided a requested jury instruction, an appellate court views the instructions as a whole." Id. at ¶39.
>
> An appellate court respects the trial court's judgment on issues of jury instructions absent an abuse of discretion. Id. An abuse of discretion is "'more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.'" *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 157. An appellate court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621.
>
> \* \* \* \* \*
>
> Appellant also contends that the trial court erred in failing to give the requested reckless homicide instruction. Pursuant to R.C. 2903.02(B), reckless homicide is a lesser included offense of murder and felony murder. Reckless homicide is defined under R.C. 2903.041, which provides:

---

[2]It is only when such an error is shown that it is necessary to engage in harmless error analysis. Brazzell v. Smith, supra, citing Brecht v. Abrahamson, 507 U.S. 619, 638 (1993) and Gilliam v. Mitchell, 179 F.3d 990, 995 (6th Cir. 1999), cert. denied, 528 U.S. 1120 (2000). See, Neder v. United States, 527 U.S. 1 (1999).

> "(A) No person shall recklessly cause the death of another or the unlawful termination of another's pregnancy."

Pursuant to R.C. 2901.22(C), a person acts recklessly when

> "With needless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature."

While a crime may constitute a lesser included offense, it does not follow that a lesser included offense instruction is mandatory; "[a]n instruction on a lesser-included offense is required only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction on the lesser-included offense." *State v. Carter* (2000), 89 Ohio St.3d 593, 600.

The State presented ample evidence that Appellant intentionally murdered Ms. Dove. The State presented expert testimony that the shotgun required multiple actions to be discharged and that the shotgun could not have "accidentally" discharged. This evidence rebuts Appellant's assertion that he acted recklessly. In addition to the evidence that it was physically improbable that Ms. Dove had been holding onto the gun when it discharged given the length of her arm, testimony regarding the way in which the bullet entered Ms. Dove's body, and the lack of evidence of a struggle, the State also presented evidence that Appellant admitted to two officers that he had killed Ms. Dove. Appellant did not deny these admissions.

Given the testimony regarding the way in which the bullet entered Ms. Dove's body coupled with the lack of gunshot residue on the sleeves of Ms. Dove's coat, the jury could reasonably find that the shooting was intentional. The State presented evidence that it was physically improbable that Ms. Dove had been holding onto the gun when it discharged given the length of the gun and the length of her arm.

Therefore, Appellant could not demonstrate that the evidence supported both an acquittal on the crime charged (murder) and a conviction on the lesser included offense (reckless homicide). Moreover, any error in declining to give this instruction is harmless as we have determined that Appellant's conviction was supported by the manifest weight of the evidence. *State v. Elliott* (1993), 91

11

> Ohio App.3d 763, 771, citing *State v. Lytle* (1976), 48 Ohio St.3d 391, at paragraph three of the syllabus.  An instruction on reckless homicide would not have changed the outcome as Appellant was appropriately convicted of murder, the more egregious offense.
>
> As a result, under the facts and circumstances presented here, we cannot say that the trial court's refusal to give an instruction on the lesser included offense was unreasonable or arbitrary.

There is nothing in the foregoing to indicate that the trial court's instructions to the jury were erroneous, particularly since the only evidence of reckless, as opposed to purposeful behavior, was the petitioner's own self-serving testimony, which was weak in comparison to the physical evidence including bullet trajectory, lack of gunshot residue on the victim's sleeves, length of the victim's arms, lack of evidence of a struggle, the number of actions needed to discharge the shotgun, and petitioner's statements to the officers that he had killed his girlfriend.

Absent evidence of error in the trial court's instructions to the jury, petitioner has failed to meet his burden of showing that the state court ruling was either contrary to or involved an unreasonable application of federal law.  It follows that petitioner's only remaining claim for relief must fail.

In light of all the foregoing it is concluded that no claim of constitutional violation has been presented requiring further proceedings prior to disposition on the merits, and it is, therefore, recommended that the petition be dismissed without further proceedings.

s/DAVID S. PERELMAN<br>
United States Magistrate Judge

DATE:    January 5, 2010

## **OBJECTIONS**

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).