UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
EDMUND ELWELL, :
: CASE NO. 1:09-CV-1424
Petitioner, :
:
v. : OPINION & ORDER
: [Resolving Doc. Nos. 1, 13, & 16]
MARC HOUK, :
:
Respondent. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On June 22, 2009, Petitioner Edmund Elwell filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. [Doc. 1.] With his petition, Elwell seeks relief from his Ohio convictions for the assault and murder of his girlfriend Kimberly Dove. Respondent Marc Houk and Keith Smith, warden of the Mansfield Correctional Institution, oppose the petition. [Doc. 7.]

On January 5, 2010, Magistrate Judge David Perelman recommended that this Court deny Elwell's petition. [Doc. 13.] Petitioner Elwell objects to the Magistrate Judge's Report and Recommendation. [Doc. 16.] For the following reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Elwell's petition for a writ of habeas corpus.

## I. Background

This habeas petition arises out of Petitioner Elwell's conviction for the murder of his girlfriend Kimberly Dove. Although Elwell has previously raised other assignments of error as to the proceedings below, he now relies solely on the trial court's refusal to instruct the jury on the

Case No. 1:09-CV-1424
Gwin, J.

lesser included offense of reckless homicide as the basis for habeas relief. As summarized by the state court of appeals:

> This case arises out of the untimely death of Kimberly Dove on March 6, 2005. At the time of Ms. Dove's death, she and Appellant [Elwell] had been dating for approximately eight years. Ms. Dove had a daughter by a previous relationship. Although Ms. Dove had lived with Appellant, the two were not residing together on the date of the incident. At the time, Ms. Dove was residing with her parents and her daughter a few miles from Appellant's home. Appellant contends that both he and Ms. Dove abused drugs and often argued about one another's drug use. Ms. Dove's family disputes that she abused drugs.
>
> On the night of March 6, 2005, Ms. Dove arrived at Appellant's house in Lorain County some time between 8:30 and 9:00 p.m. Ms. Dove brought Appellant dinner. Shortly after arriving, Ms. Dove and Appellant began arguing. Appellant contends that Ms. Dove went into the bedroom and began berating him about his drug use. Appellant contends that the two engaged in a scuffle wherein they both grabbed each other's hair and banged heads. Appellant then grabbed a bat and smashed a ceramic frog that had been sitting on top of the television set. He then swung the bat at the wall, leaving a few holes. Appellant contends that, at that point, Ms. Dove picked up a shotgun and approached him. He claims that he grabbed the stock-side of the gun, at which point the gun discharged. The State contends that Appellant shot Ms. Dove. The parties agree that after Ms. Dove was shot, Appellant fled the scene, eventually arriving at a motel in Garfield Heights where the police arrested him on March 7, 2005.

*State v. Elwell*, No. 06CA8923, 2007 WL 1804977, at *1 (Ohio Ct. App. June 25, 2007).

On March 16, 2005, a Lorain County grand jury indicted Petitioner Elwell on four counts: murder, felony murder, felonious assault, and possession of a weapon under disability. All counts also contained firearm and repeat violent offender specifications. After a trial in April 2006, the jury found Elwell guilty on all counts. The trial court sentenced Elwell to life incarceration with no opportunity for parole for fifteen years for murder, merging the felony murder and felonious assault charges with the murder charge, five years incarceration for the weapons under disability charge, and three years incarceration each for the firearm and repeat violent offender specifications. *Elwell*, 2007

Case No. 1:09-CV-1424
Gwin, J.

WL 1804977, at *1-2. The trial court ordered that Elwell serve these sentences consecutively.

On May 5, 2006, Petitioner Elwell appealed his convictions, raising three assignments of error, including that the trial court "committed prejudicial error and denied Elwell his constitutional right to a fair trial when it refused his requests for jury instructions thereby violating his rights under the Sixth and Fourteenth Amendments to the U.S. Constitution and Article I, § 10 of the Ohio Constitution." *Elwell*, 2007 Wl 1804977 at *8. On June 25, 2007, over the partial dissent of one of the panelists, the court of appeals overruled all of Elwell's assignments of error and affirmed his convictions and sentence. In April 2008, the Supreme Court of Ohio denied Elwell leave to appeal.

Meanwhile, on September 21, 2007, Petitioner *Elwell* filed a *pro se* motion to reopen his direct appeal, claiming ineffective assistance of appellate counsel. The court of appeals denied Elwell's motion on November 2, 2007.

Finally, on June 22, 2009, Elwell, through counsel, filed the instant petition for writ of habeas corpus. With his petition, Elwell raised three grounds for relief: (i) denial of due process for failure to instruct the jury on a lesser included offense; (ii) denial of due process for imposing a sentence with a repeat violent offender specification based on findings made by the court, not the jury; and (iii) ineffective assistance of trial and appellate counsel. [Doc. 1.]

After the Respondent filed the Return of the Writ, however, Petitioner Elwell stated in his Traverse that: "Mr. Elwell elects to proceed only on his first ground for relief." [Doc. 12.] Accordingly, in his January 5, 2010 Report & Recommendation, Magistrate Judge Perelman addressed only Elwell's claim that the trial court unconstitutionally refused to instruct the jury on the lesser included offense of reckless homicide. On February 5, 2010, after Magistrate Judge Perelman recommended this Court deny the petition, Elwell filed his objections.

Case No. 1:09-CV-1424
Gwin, J.

## II. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), governs a federal court's review of a state prisoner's habeas corpus petition. AEDPA limits federal review to only those claims in which a petitioner contends that he is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). *See also Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law 'clearly established' by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." *Id.* (citing *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). Meanwhile, under the "unreasonable application" clause, "a federal habeas court may grant the writ only if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams,* 529 U.S. at 413. The Sixth Circuit holds that, even if a federal court could determine that a state court incorrectly applied federal law, the court still could not grant relief unless it also finds that the state court ruling was unreasonable. *Simpson v. Jones*, 238 F.3d 399, 405 (6th Cir. 2000).

Case No. 1:09-CV-1424
Gwin, J.

### III. Analysis

Relying largely on the Supreme Court's decision in *Beck v Alabama*, 447 U.S. 625 (1980) (holding imposition of death penalty unconstitutional where jury was not permitted to consider lesser included noncapital offense), Petitioner Elwell argues that the proceedings below denied him due process because the trial court refused to instruct the jury on the lesser included offense of reckless homicide.

The Sixth Circuit, however, has held that in noncapital cases, the Constitution does not require a jury instruction on a lesser included offense. *Campbell v. Coyle*, 260 F.3d 531, 541 (6th Cir. 2001). Applying this standard, the court of appeals has routinely denied habeas petitions based on a failure to give such an instruction. *See, e.g.*, *Dansby v. Trombley*, No. 08-1964, 2010 WL 891317, at *2 (6th Cir. Mar. 15, 2010) ("Dansby's claim fails because the Supreme Court has never held that due process requires the giving of jury instructions on lesser-included offenses in noncapital cases."); *Tegeler v. Renico*, 253 Fed. App'x 521, 524-25 (6th Cir. 2007) ("'[T]he Constitution,' we have held, 'does not require a lesser-included offense instruction in non-capital cases.'") (quoting *Campbell*, 260 F.3d at 541); *Scott v. Elo*, 302 F.3d 598, 606 (6th Cir. 2002) ("[T]he Sixth Circuit has held that failure to instruct on a lesser included offense in a noncapital case is not 'such a fundamental defect as inherently results in a miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure.'") (quoting *Bagby v. Sowders*, 894 F.2d 792, 797 (6th Cir. 1990)).

In this case, the state charged Elwell with murder under Ohio Rev. Code § 2903.02. *Elwell*, 2007 WL 1804977, at *1. Section 2903.02(D) states: "Whoever violates this section is guilty of murder, and shall be punished as provided in section 2929.02 of the Revised Code." In turn, §

Case No. 1:09-CV-1424
Gwin, J.

2929.02(B)(1) states: "[W]hoever is convicted of or pleads guilty to murder in violation of section 2903.02 of the Revised Code shall be imprisoned for an indefinite term of fifteen years to life." Under these provisions, the state did not charge Elwell with a capital crime.

Because Elwell did not face the death penalty, due process does not mandate that the trial court instruct the jury on any lesser included offenses. Even though Ohio does provide for such instructions and even if the trial and appellate courts misapplied Ohio's law on the matter, such error is simply not cognizable on federal habeas review.[1]

### III. Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** Elwell's petition for a writ of habeas corpus.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith and that no basis exists upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed R. App. P. 22(b).

IT IS SO ORDERED.


Dated: May 4, 2010                     s/       *James S. Gwin*
                                       JAMES S. GWIN
                                       UNITED STATES DISTRICT JUDGE

---

[1] Although this Court does not reach the merits of the Petitioner's claim, given the state's evidence that the gun could not have accidentally discharged, that it was physically improbable that the victim could have held the gun when it discharged, and that no struggle occurred, the trial court likely correctly concluded that Petitioner Elwell's testimony to the contrary did not adequately support an instruction on reckless homicide. [Tr. at 671-73.]